NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIA DEL CARMEN SANCHEZ-AYALA; et al., <br><br>             Petitioners, <br><br>   v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>             Respondent. | No.   16-71612 <br><br> Agency Nos.   A206-759-782 <br>                      A206-759-782 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Lucia Del Carmen Sanchez-Ayala and her daughter, natives and citizens of

El Salvador, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Sanchez-Ayala failed to establish she was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, in the absence of a nexus to a protected ground, petitioners' asylum and withholding of removal claims fail. *See id.*

Substantial evidence also supports the agency's denial of CAT relief because Sanchez-Ayala failed to show it is more likely than not that she would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

16-71612